IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## LESLIE LAMONT COLEMAN, PRO SE v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 91-S-677    J. Randall Wyatt, Judge**

**No. M2003-01755-CCA-R3-PC - Filed October 13, 2004**

The Petitioner, Leslie Lamont Coleman, appeals the trial court's dismissal of his petition for post conviction relief.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The Petitioner filed his petition outside the statute of limitations.  Accordingly, the State's motion is granted, and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES, J., and JERRY L. SMITH, J., joined.

Leslie Lamont Coleman, pro se.

Paul G. Summers, Attorney General & Reporter; Elizabeth T. Ryan, Assistant Attorney General, for the appellee, State of  Tennessee.

### MEMORANDUM OPINION

        This matter is before the court upon motion of the appellee, the State of Tennessee, to affirm the judgment in this case pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The petitioner is appealing the trial court's dismissal of his third petition for post-conviction relief.  On October 17, 1991, the petitioner pled guilty to felony murder and especially aggravated robbery.  The trial court imposed a life sentence for the murder conviction and fifteen years for the especially aggravated robbery conviction, to be served concurrently.  Petitioner did not appeal the judgment.  On October 1, 1992, petitioner filed a petition for post-conviction relief, but it was withdrawn prior to a hearing on the merits.  On August 15, 1995, petitioner filed a second petition for post-conviction relief, which was dismissed by the trial court as time barred.  This court affirmed the dismissal on appeal.  Leslie Lamont Coleman, No. 01C01-9605-CR-00203, 1997 WL 254237 (Tenn. Crim. App. at Nashville May 16, 1997).  Petitioner filed the instant petition for post-conviction relief, his third

such petition, on May 29, 2003. The trial court dismissed the petition as being time barred by the statute of limitations.

Tennessee Code Annotated Section 40-30-102(a) provides that a petition for post-conviction relief must be filed within one year from final judgment. The appellant filed his petition well beyond the time allowed by the statute, and none of the enumerated exceptions to this time limit apply in this case. See Tenn. Code Ann. § 40-30-102(b). Under the Post-Conviction Procedure Act, exceptions to the statute of limitations are explicitly set forth, *i.e.,* (1) claims based upon a new rule of constitutional law applicable to a petitioner's case, (2) claims based upon new scientific evidence showing innocence, and (3) claims based upon sentences that were enhanced because of a previous conviction and the previous conviction was subsequently found to be illegal. See Tenn. Code Ann. § 40-30-102(b)(1)-(3) (2003 Repl.). Petitioner has failed to assert one of these exceptions for tolling the statute. He cites no new constitutional rule, refers to no new scientific evidence, and makes no claim that an earlier conviction has been overturned. See Tenn. Code Ann. § 40-30-106(g) (2003 Repl.). Thus, no grounds exist as an exception to the statute of limitations. Moreover, the Post-Conviction Procedure Act does not contemplate the filing of successive petitions. The filing of only one petition for post-conviction relief attacking a single judgment is contemplated by Tennessee Code Annotated Section 40-30-102(c).

Accordingly, the state's motion is hereby granted. The judgment is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals. Because the appellant is indigent, costs are taxed to the state.

_____
ROBERT W. WEDEMEYER, JUDGE